IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JASHON MOBLEY,
D.O.C. # U17890,

    Plaintiff,

vs.                                      Case No.  4:23cv434-WS-MAF

VICTORIA BUTLER,
OFFICE OF THE ATTORNEY
GENERAL, CONSUMER
PROTECTION DIVISION

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on October 3, 2023, by submitting a civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2.  Because both documents were insufficient as filed, Plaintiff was directed to file an amended in forma pauperis motion and an amended complaint.  ECF No. 4.  Plaintiff did so, *see* ECF Nos. 5-6, but once again Plaintiff's in forma pauperis motion, ECF No. 6, was insufficient and incomplete.  Plaintiff was given until December 11, 2023, to file a complete Trust Fund Account Statement if he wanted to continue this case.

ECF No. 7. As of this date, nothing further has been received and it appears that Plaintiff has abandoned this litigation. Because Plaintiff was warned of the consequences of failing to comply with that Order, it is recommended that this case be dismissed for failure to prosecute.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. <u>Smith v. Bruster</u>, 424 F. App'x 912,

Case No. 4:23cv434-WS-MAF

915 (11th Cir. 2011). Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and comply with a Court Order and all pending motions be denied.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv434-WS-MAF